**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Carsheila T. Simmons,

Plaintiff,

Case No. 1:23-cv-5863-MLB

v.

David Steiner and United States Postal Service,

Defendants.

________________________________/

**OPINION & ORDER**

Plaintiff Carsheila T. Simmons sues Defendant David Steiner, the Postmaster General, for abusive treatment she allegedly faced while working as a mail carrier. (Dkt. 25.) Defendant moves to partially dismiss. (Dkt. 54.) Magistrate Judge Larkins issued a report and recommendation ("R&R") saying this Court should grant in part and deny in part Defendant's motion. (Dkt. 60.) Both parties object. (Dkts. 62, 63.)

## I. Background

USPS hired Plaintiff as a postal worker in 2017. (Dkt. 25 ¶ 25.) Plaintiff—who is over 40 years old—sustained an injury sometime in 2020 that led to restrictions on her job duties. (*Id.* ¶ 33.) The restrictions included not lifting more than ten pounds and modified light duty (meaning four hours of "street work" and four hours of "inside station work"). (*Id.* ¶ 32.) Plaintiff returned to work sometime in September or October 2020, provided medical documentation of various restrictions placed on her because of the injury, and requested accommodations from her manager (Gertrude Regina McCray) and supervisor (Deva Greenfield). (*Id.* ¶¶ 33, 34; Dkt. 60 at 5.) McCray and Greenfield denied those requests and excluded Plaintiff from workplace activities. (Dkt. 25 ¶¶ 34, 45.) They also harassed her and refused to assign her work, despite her ability to perform modified duties. (*Id.* ¶ 35.)

On August 6, 2021, Plaintiff filed a "Light Duty Status Report" that included her doctor's signature and requested modified light duties consistent with her restrictions. (*Id.* ¶¶ 34, 43.) Plaintiff also submitted written accommodation requests on August 7 and August 10. (*Id.* ¶ 44.) McCray and Greenfield denied those requests as well and refused to

speak with Plaintiff about them. (*Id.* ¶ 45.) Plaintiff also suffered harassment and retaliation, including having her work hours repeatedly reduced between August 13 and September 25. (*Id.* ¶¶ 35, 54.) McCray even disclosed her medical condition and associated work restrictions to other employees without Plaintiff's consent. (*Id.* ¶¶ 36, 130.) When she filed an internal grievance against McCray on August 10, 2021, things got even worse. (*Id.* ¶¶ 59–60.) McCray and/or Greenfield sent Plaintiff home when she refused to exceed her medical restrictions, denied her meaningful work assignments, issued or threatened unwarranted disciplinary actions, humiliated and disparaged her in front of co-workers, accused her of faking her disability, "snatched" a mail tray from her hands during some discussion, and told her other employees would have no problem doing her work. (*Id.* ¶¶ 57, 60–64.)

According to Plaintiff, she filed a formal complaint with the Postal Service Equal Employment Opportunity Office ("EEO") on October 7, 2021. (*Id.* ¶ 37.) In support of dismissal, Defendant proffers an affidavit from one of USPS's attorneys stating Plaintiff "first initiated EEO contact" on October 4. (Dkt. 54-2 ¶ 2.) According to the affidavit and its attachments, Plaintiff filed her formal complaint with EEO on December

27. (*Id.* at ¶ 3; Dkt. 54-2 at 11.) On January 19, 2022, the Postal Service National EEO Investigative Services Offices ("NEEOISO") wrote Plaintiff saying it had accepted her EEO complaint for investigation and understood she was alleging management had "subjected [her] to discriminatory harassment/hostile work environment since August 2021 and ongoing based on [r]etaliation" when management refused to "provided" her 8 hours work within her "medical restrictions;" issued her a "letter of warning;" snatched a tray out of her hands; accused her of not delivering the mail; "yelled at [her] and disrespected [her] . . . in front of coworkers;" pushed into her while walking past her; "threatened to remove her from the building;" and "threatened to write [her] up for [a car] accident" that she did not have. (Dkt. 54-2 at 11–12.)

Plaintiff sued Defendant in December 2023. (Dkt. 1-1.) She asserts claims arising under the Rehab Act, the Age Discrimination in Employment Act, Title VII, and Georgia law. (Dkt 25.)[1] Defendant moved to partially dismiss (Dkt. 54), and the Magistrate Judge recommends the Court grant Defendant's motion as to all of Plaintiff's

[1] The Court twice ordered Plaintiff to file an amended complaint due to deficiencies in her pleadings, and the third amended complaint controls.

claims except her Rehab Act failure-to-accommodate and retaliation claim involving events after August 20, 2021. (Dkt. 60.)[2]

## II. Standards of Review

### A. R&R

28 U.S.C. § 636(b)(1) requires district courts to "make a de novo determination of those portions of [an R&R] to which objection is made." Any such objection "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, SSA*, 825 F. App'x 685, 694 (11th Cir. 2020); *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with.").[3]

[2] Plaintiff does not object to the portion of the R&R in which the Magistrate Judge determined Plaintiff could not maintain claims against certain USPS employees in their individual capacities. (Dkt. 60 at 17–20.) The Court perceives no error in that determination. So it affirms "the sole defendant in this case is Defendant Steiner in his official capacity." (*Id.* at 19.)

[3] The Court recognizes *McCullars* is unpublished and not binding. The Court cites it and other unpublished cases nevertheless as instructive. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

"Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Ultimately, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B. Motion to Dismiss**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667–78 (2009). A court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. At the stage of a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

## III. Discussion

Most of Plaintiff's objections are blanket objections that fail to identify specific portions of the R&R to which she objects. Indeed, she labels on section of her objections a "Global Objection." (Dkt. 62 at 7.) Those objections conclusorily assert the Magistrate Judge "improperly reject[ed] reasonable inferences arising from Plaintiff's factual allegations," and "improperly weigh[ed] evidence and resolve[d] factual disputes" (*id.* at 11, 20) without explaining where the Magistrate Judge did so. Those general objections amount to no objections at all. *Marsden*, 847 F.2d at 1548. The Court only considers objections that identify the portions of the R&R to which she objects.[4]

### A. Date of EEO Contact/Formal Complaint

A quick word about the parties' apparent dispute as to when Plaintiff filed her formal administrative complaint. The Court only has one administrative complaint before it—dated December 27, 2021—and provided by Defendant as an exhibit to his motion to dismiss. (Dkt. 54-2

[4] The Court accordingly adopts—but does not address—the portions of the R&R that dismiss Plaintiff's state-law claims (Counts XI and XII). (Dkt. 60 at 28–31.)

at 5–9.) But Plaintiff alleges she filed a "formal complaint" alleging discrimination and retaliation based on medical condition and age on October 7, 2021. (Dkt. 25 ¶ 37.) And Defendant says she first contacted EEO on October 4. (Dkt. 54-2 ¶ 2.) Whether Plaintiff filed a formal complaint in October could matter since the Court uses the administrative complaint to determine whether Plaintiff exhausted her administrative remedies and the scope of the claim she asserted. But it does not appear to matter here. That's because Plaintiff does not object to the Magistrate Judge's treatment of Defendant's proffered administrative complaint as representative of any "formal complaint" she might have filed in this matter. In other words, Plaintiff does not object to the R&R's assumption that the administrative complaint proffered by Defendant (and dated December 27) accurately represents the claim she asserted when she first initiated contact with EEO or filed an EEO complaint (October 4 or October 7). Plaintiff also does not object to the Magistrate Judge's treatment of October 4 as the date she initiated EEO contact, presumably because that's more favorable to her. (Dkt. 60 at 8 n.3.) As a result, the Court treats Defendant's proffered administrative

complaint dated December 27 (Dkt. 54-2 at 5–9) as the same complaint Plaintiff says she filed on October 7.

**B. Discrimination and Hostile Work Environment Under the ADEA (Counts IV and V)**

In Counts IV and V, Plaintiff asserts claims of discrimination and hostile work environment under the ADEA. (Dkt. 25 ¶¶ 83–98.) The federal-sector provision of that act—which applies to the Postal Service—provides that "personnel actions" regarding employees who are over 40 must be "free from any discrimination based on age." 29 U.S.C § 633a(a). "The Supreme Court held that the 'free from any discrimination' language means that personnel actions must be made in 'a way that is not tainted by differential treatment based on' a protected characteristic"—in this case age. *Babb v. Sec'y U.S. Dept. Veteran Affairs*, 992 F.3d 1193, 1199 (11th Cir. 2021) (quoting *Babb v. Wilke*, 589 U.S. 399 (2020).) The Eleventh Circuit has not explicitly held that the ADEA provides a hostile work environment claim but has assumed it does and that it includes the same requirements as a Title VII hostile work environment claim. *Coles v. Post Master Gen. U.S. Postal Servs.*, 711 F. App'x 890, 898 (11th Cir. 2017); *see also Harvey v. Walmart, Inc.*,

2024 WL 1460314, at *2 (acknowledging plaintiff's claim for hostile work environment under the ADEA). To state such a claim for age discrimination under the ADEA, Plaintiff must plausibly allege her age contributed in any way to the personnel actions against her, even if it was not the but-for cause of the actions. *See Terrell v. Sec'y, Dep't of Veterans Affairs*, 98 F.4th 1343, 1351-52 (11th Cir. 2024) (quotation marks omitted). To state a claim for hostile work environment under the ADEA, she must allege, among other things, that she suffered harassment based on her age and that the harassment was "severe or pervasive enough to alter the terms and conditions of [her] employment and create a discriminatorily abusive working environment." *Buckley v. Sec'y of Army*, 97 F.4th 784, 796 (11th Cir. 2024). In addition, before bringing a claim under the ADEA, a plaintiff must administratively exhaust that claim by filing a complaint with the proper administrative agency. 29 U.S.C. § 626(d)(2); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004). Importantly, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Hum. Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004).

In her complaint, Plaintiff alleges that, on one occasion, McCray (her manager) "stated that a younger male mail carrier" had no problem finishing Plaintiff's route. (Dkt. 25 ¶ 85.) She included no other allegations about any conduct or reference to her age. Plenty of other things about mistreatment, but nothing else referencing her age. Defendant moved to dismiss, arguing Plaintiff did not administratively exhaust her ADEA claims and, even if she had, the allegations in the complaint did not sufficiently allege discrimination or hostile work environment claims under the ADEA. (Dkt. 54-1 at 10, 14–20.) The Magistrate Judge agreed with Defendant on both counts.

The Magistrate Judge first concluded Plaintiff's sole allegation that a manager said a younger male mail carrier had finished her route did not plausibly allege either discrimination or a hostile work environment based on Plaintiff's age. (Dkt. 60 at 21–22.) Plaintiff objects, insisting her allegation supports a reasonable inference of discriminatory intent and the Magistrate Judge prematurely decided whether Plaintiff's allegations are sufficiently severe or pervasive for her hostile work environment claim. (Dkt. 62 at 17, 24.)

The Court agrees with the Magistrate Judge that Plaintiff does not sufficiently allege age discrimination or a hostile work environment. While Plaintiff was not required to "allege facts sufficient to make out a prima facie case," Plaintiff's allegation regarding her manager's remark do not "provide enough factual matter to plausibly suggest intentional discrimination." *Buchanan v. Delta Air Lines*, *Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018). This sole allegation does not plausibly allege either that anyone considered her age in making any employment decision or that she suffered a sufficiently hostile environment because of her age to alter the conditions of her employment. Plaintiff's allegation of this one-off remark does not even amount to "sporadic use of abusive language, [age]-related jokes, and occasional teasing[,]" which would still not be sufficient to allege a hostile work environment or intentional discrimination. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *see also Thompson v. Carrier Corp.*, 358 F. App'x 109, 114 (11th Cir. 2009) (finding "a nasty look" about plaintiff's religious attire and single remark about plaintiff's religion did not "rise to the level of severe or pervasive harassment required" for a hostile work environment claim). Her other references to her age are conclusory and thus not plausible—claiming

"discrimination and retaliation based on her medical condition and age" and "work exclusion based on her disability and age." (Dkt. 25 ¶¶ 37, 74.)

The Magistrate Judge also concluded Plaintiff had not exhausted her ADEA claims because her EEO complaint did not assert discrimination or a hostile work environment based on age. (Dkt. 60 at 25.) Plaintiff's objections state the R&R "improperly construe[d] the scope of Plaintiff's administrative exhaustion by limiting it to isolated or narrowly framed allegations." (Dkt. 62 at 8.) But she does not cite the specific portions of the R&R that did that.

In any event, a review of Plaintiff's administrative complaint shows she did not exhaust any claims related to age discrimination. (Dkt. 54-2 at 5–9.) Plaintiff never alleged in the complaint that she faced any worse treatment because of her age. Indeed, other than saying she was 40 years old, she never mentioned her age at all. (*Id.* at 8.) As explained above, in her complaint here, Plaintiff alleged McCray said a "younger male mail carrier" could complete her route. (Dkt. 25 ¶ 84.) But, in her EEO complaint she said McCray alleged a "male mail carrier" could do so—omitting any reference to the other carrier's age. (Dkt. 54-2 at 8.) The difference between these allegations exposes the insufficiency of the

EEO complaint to raise age discrimination. Plaintiff's ADEA claims thus could not "reasonably be expected to grow out of the charge of discrimination" she alleged in the EEO complaint. *Gregory*, 355 F.3d at 1280.

The Court overrules Plaintiff's objections and adopts the Magistrate Judge's conclusion that Plaintiff may not move forward on her ADEA claims.

**C. Title VII Violation (Count VII)**

Title VII prohibits an employer from discriminating against an individual "because of [the] individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). It also prohibits an employer from discriminating against an employee for opposing any practice made unlawful under Title VII, *i.e.*, engaging in statutorily protected activity. *Branscomb v. Sec'y of Navy*, 461 F. App'x 901, 906 (11th Cir. 2012) (citing 42 U.S.C. § 2000e-3(a)). "A plaintiff engages in statutorily protected activity only by opposing an unfair employment practice that is at least facially actionable under Title VII." *Id.*

Plaintiff claims she suffered retaliation under Title VII because, after submitting accommodation requests, she "experienced retaliatory

denials of full work hours," and her supervisors' "increased discipline, unwarranted warnings, verbal harassment, and exclusion from work opportunities." (Dkt. 25 ¶¶ 108–118.)[5] The Magistrate Judge recommends the Court dismiss Count VII because Plaintiff does not plausibly allege Defendant retaliated based on any Title VII-protected characteristics. (Dkt. 60 at 21–22.) Plaintiff objects, saying she has plausibly alleged she engaged in protected activity and Defendant then retaliated against her. (Dkt. 62 at 15–16.)[6]

A de novo review of Plaintiff's complaint supports the Magistrate Judge's recommendation. In her Title VII retaliation claim, Plaintiff alleges Defendant retaliated against her after she "filed an EEO

---

[5] In Count VIII, Plaintiff also brings a claim of "intersectional discrimination" that includes an allegation her "gender, age, and disability appeared to be factors in how she was treated at work." (Dkt. 25 ¶¶ 119–128.) The Magistrate Judge concluded that claim should be dismissed because Plaintiff fails to plausibly allege a claim for relief and for lack of exhaustion. (Dkt. 60 at 21–23.) Plaintiff does not object to that conclusion (other than her general objections), and the Court sees no clear error in it.

[6] This portion of Plaintiff's objections is titled "Plaintiff has plausibly alleged retaliation" but does not specify whether she is addressing the partial dismissal of her Rehab Act retaliation claim or her Title VII retaliation claim.

complaint." (Dkt. 25 ¶ 111.) But, according to Plaintiff's own complaint allegations, her EEO complaint alleged only "discrimination and retaliation based on her *medical condition and age*." (*Id.* ¶ 37 (emphasis added).) Title VII does not protect those characteristics and thus her EEO complaint was not protected activity under the statute. *See Branscomb*, 461 F. App'x at 906 (finding plaintiff did not engage in statutorily protected activity under Title VII when he alleged discrimination based on his disability). Since Plaintiff did not engage in activity protected by Title VII, she may not bring a Title VII retaliation claim. *Aluko v. People Servs./Employee Right*, 2024 WL 5700345, at *3 (N.D. Ga. May 16, 2024), *adopted by*, 2024 WL 5699863, at *3 (N.D. Ga. Sept. 18, 2024) ("Plaintiff's Title VII claim necessarily fails because that statute is an improper vehicle to advance a claim of disability discrimination.").

**D. Constitutional Violation (Count IX)**

Plaintiff alleges McCray violated her constitutional rights by disclosing Plaintiff's medical conditions to other employees. (Dkt. 25 ¶¶ 129–133.) The Magistrate Judge recommends dismissal because

Plaintiff does not identify the constitutional rights she says McCray violated. (Dkt. 60 at 26–27.)

Plaintiff objects and says the Magistrate Judge failed to accept the allegations in her complaint as true. (Dkt. 62 at 24.) But she does not identify which portions of the R&R did that. She also does not address the Magistrate Judge's substantive conclusion—that she failed to identify any source of the constitutional violation. After an independent review of the complaint, the Court agrees with the Magistrate Judge. The Eleventh Circuit has upheld the dismissal of a pro se plaintiff's complaint for not including "details about which constitutional rights were allegedly infringed" because such a complaint fails to provide the defendant "fair notice of what claim [the plaintiff] alleges." *Scarbrough v. Astrue*, 327 F. App'x 827, 829 (11th Cir. 2009). The Court does the same.

**E. Rehab Act Claims**

Plaintiff brings an array of claims under the Rehab Act. The Rehab Act forbids federal agencies from discriminating against an otherwise qualified individual with a disability or from retaliating against such an individual for asserting her rights under the Act or complaining about

the denial of her rights. *See Simone v. Sec'y of Homeland Sec., United States Dep't of Homeland Sec.*, 156 F.4th 1212, 1216 (11th Cir. 2025) (citing 29 U.S.C. § 794). Claims brought under the Rehab Act are governed by the same standards as those brought under the ADA, which prohibits disability discrimination in the private sector. *Id.* To plausibly allege discrimination under the Rehab Act, an individual must allege she has a disability but is otherwise qualified for the position and her employer subjected her to unlawful discrimination as the result of her disability. *Mullin v. Sec'y U.S. Dept. Veteran Affairs*, 162 F.4th 1296, 1303 (11th Cir. 2025) (internal quotations omitted). A plaintiff can establish a claim of disability discrimination under the Rehab Act by showing disparate treatment or failure to make a reasonable accommodation. *Id.* (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008) (explaining that the ADA and the Rehabilitation Act "recognize disparate treatment and reasonable accommodation theories")).

### 1. Failure-to-Accommodate (Count I)

In Count I, Plaintiff asserts a Rehab Act-failure-to-accommodate claim based on Defendant's denial of her accommodation requests for

light duty and refusal "to engage in any discussion about accommodations[.]" (Dkt. 25 ¶¶ 41–47.) Such a claim arises when a covered employer like Defendant "fails its affirmative duty to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" unless the employer can show the accommodation would impose an undue hardship. *Mullin*, 162 F.4th at 1303. But before a federal employee may bring a Rehab Act claim against his or her agency, the employee must first "initiate administrative review of any alleged . . . retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Id.*

Defendant did not challenge the sufficiency of Plaintiff's failure-to-accommodate allegations, and the Magistrate Judge found them sufficient. (Dkt. 60 at 35–36.) Defendant, however, moved to dismiss for lack of exhaustion, arguing Plaintiff's EEO complaint did not allege failure-to-accommodate. (Dkt. 54-1 at 11.) The Magistrate Judge

disagreed and found Plaintiff's EEO complaint plausibly alleged Defendant failed to allow Plaintiff to work within her medical restrictions. (Dkt. 60 at 37.) The Magistrate Judge thus found Plaintiff's failure-to-accommodate claim survives dismissal but only as to events occurring on or after August 20, 2021—45 days from October 4 (the date she initiated EEO contact).

Defendant objects to the Magistrate Judge's finding, mainly to reassert its argument that Plaintiff's EEO complaint did not "establish a separately preserved claim that Defendant denied her a reasonable accommodation of her disability" and thus did not provide Defendant notice that Plaintiff intended to pursue a failure-to-accommodate claim against him. (Dkt. 63 at 10, 12.)[7]

[7] Plaintiff also objects to the R&R, contending it "improperly dismisses Plaintiff's failure-to-accommodate claim by disregarding factual allegations that plausibly demonstrate . . . Defendant failed to provide reasonable accommodation to Plaintiff's medical restrictions." (Dkt. 62 at 13.) Plaintiff seems to think the Magistrate Judge recommends dismissal of her failure-to-accommodate claim in its entirety. He did not. Plaintiff does not separately object to the Magistrate Judge's recommendation of a temporal limit to her failure-to-accommodate claim. The Court sees no error in that recommendation and adopts it.

The Court disagrees. To be sure, Plaintiff's EEO complaint focuses on her retaliation and harassment allegations. But she includes just enough to allege failure to accommodate her medical circumstances. After all, the EEO complaint alleges she has a "medical condition," that she "provided [her supervisors] with the documentation" of that condition, that she notified them of her "medical work restrictions" and that—since then—her managers have not allowed her "to work a full eight hour work day." (Dkt. 54-2 at 7–9.) That points to a failure-to-accommodate claim. *Mullin*, 163 F.4th at 1301 ("A [failure-to-accommodate] claim arises when a covered entity fails its affirmative duty to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . ." (citation modified)). To drive that home, NEEOISO also noted she was alleging Defendant did not provide her "8 hours work within [her] medical restrictions." (Dkt. 54-2 at 11.)

Defendant insists Plaintiff's EEOC complaint asserted her failure to work a full week—not as a failure-to-accommodate claim—but as evidence of retaliation, discrimination, or a hostile work environment. As part of this, he notes NEEOISO labeled her reference to the eight-hour

work day "as a claim of discriminatory 'harassment, hostile work environment, and/or retaliation,' but not a claim that the agency failed to accommodate her." (Dkt. 63 at 11.) But "the scope of an EEOC complaint should not be strictly interpreted" when determining whether a claim has been administratively exhausted. *Gregory*, 355 F.3d at 1280. While a close call, the Court agrees with the Magistrate Judge's conclusion that Plaintiff included enough of a reference to Defendant's failure to accommodate her medical restrictions to conclude her failure-to-accommodate claim is "like or related to, or grew out of, the allegations contained" in her administrative complaint. (Dkt. 60 at 27 (citing *Gregory*, 355 F.3d at 1280).)

The Court overrules Defendant's objection and adopts the Magistrate Judge's conclusion that Plaintiff may pursue her failure-to-accommodate claim as to events occurring on or after August 20, 2021.

**2. Retaliation (Count II)**

The Rehab Act "prohibits retaliation against an employee who has opposed disability discrimination." *Curry v. Sec'y, Dep't of Veteran Aff.*, 518 F. App'x 957, 965 (11th Cir. 2013). Again, "[a] federal employee who

alleges that she is the victim of discriminatory or retaliatory conduct must initiate administrative review within 45 days of the alleged discriminatory or retaliatory act." *Id.* But where a plaintiff claims retaliation occurred over a series of events, a court may properly consider events outside the 45-day window. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."); *Shannon v. Bellsouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (acknowledging a plaintiff may base his or her retaliation claim on a series of events).

Plaintiff alleges Defendant retaliated against her when her supervisors repeatedly reduced her work hours, excluded her from the workplace, and threatened disciplinary actions against her—all after she filed an EEO complaint. (Dkt. 25 ¶¶ 54, 57, 59.) Defendant moved to dismiss only the parts of Plaintiff's retaliation claim that are based on events on or before August 20, 2021. (Dkt. 54-1 ¶¶ 12–13.) The Magistrate Judge found dismissal of those claims proper, "given [Plaintiff's] failure to initiate EEO contact within 45 days" of the acts

occurring on or before August 20, 2021. (Dkt. 60 at 41.) The Magistrate Judge, however, clarified that if Plaintiff alleges harassment "composed of a series of separate acts that collectively constitute . . . one unlawful employment practice of retaliatory harassment," Plaintiff could recover for retaliatory harassment that occurred outside the 45-day window. (*Id.* (citing *Morgan*, 536 U.S. at 116–17).)

Plaintiff objects to the dismissal of her retaliation claim but does not address the grounds on which the Magistrate Judge found dismissal proper. (Dkt. 62 at 15–16.) Her failure to do so amounts to a failure to assert specific and proper objections. *Archible v. Upton*, 2023 WL 11915659¸ at *1 (N.D. Ga. June 8, 2023). The Court sees no plain error in the Magistrate Judge's conclusion that Plaintiff's retaliation claim based on discrete, retaliatory acts occurring on or after August 20, 2021 may proceed.[8]

[8] If Plaintiff is alleging Defendant retaliated against her over a series of events, she may rely on events before August 20, 2021 to form the basis of her retaliation claim.

### 3. Hostile Work Environment (Count III)

Plaintiff alleges in Count III that Defendant subjected her to a hostile work environment in violation of the Rehab Act when supervisors publicly ridiculed and humiliated her, made false accusations about her disability, and physically harassed her. (Dkt. 25 ¶¶ 73–74.) The Eleventh Circuit has assumed—but not decided—that a hostile work environment claim is cognizable under the Rehab Act. *Wolfe v. Postmaster General*, 488 F. App'x 465, 469 (11th Cir. 2012). To assert such a claim, Plaintiff must allege she was subjected to unwelcome harassment due to her disability and the harassment was severe and pervasive enough to alter the terms and conditions of employment and create a hostile or abusive. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *Yelling v. St. Vincent's Health Sys.*, 82 F. 4th 1329, 1334 (11th Cir. 2023).[9] The "severe and pervasive" element of a hostile work

[9] The Court acknowledges a plaintiff need not make out a prima facie case of hostile work environment to survive dismissal. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Still, a plaintiff must "nonetheless provide enough factual matter to plausibly suggest [a hostile work environment]." *Buchanan*, 727 F. App'x at 641; *see also Brannon v. Sec'y, Dep't of Veteran Aff.*, 2023 WL 1161129, at *4 (11th Cir. Jan. 31, 2023) (considering whether a plaintiff has plausibly alleged the

environment claim involves both a subjective and objective inquiry. *Buckley*, 97 F.4th at 797.

Defendant moved to dismiss, saying Plaintiff's allegations merely detailed discrete acts and not pervasive or severe discriminatory acts sufficient to state a claim. (Dkt. 54-1 at 19–20.) The Magistrate Judge agreed with Defendant, finding the allegations of the complaint were "formulaic recitations of the elements of a hostile work environment . . . insufficient to state a plausible claim for relief." (Dkt. 60 at 44–45 (citation modified).) The Magistrate Judge also found the three specific incidents Plaintiff includes as part of her hostile work environment claim did "not amount to extreme conduct sufficient to change the terms and conditions of Plaintiff's employment." (*Id.* at 45 (citation modified).)

Plaintiff says the Magistrate Judge made a premature determination when he concluded Plaintiff's allegations are not sufficiently severe or pervasive enough to state a claim for hostile work environment. (Dkt. 62 at 24.) The Court agrees. The complaint contains several allegations that, if true, would "amount to a change in the terms

---

elements of a hostile work environment in reviewing a district court's dismissal for failure to state a claim).

and conditions of [Plaintiff's] employment." *Faragher*, 524 U.S. at 788 (1998). According to the complaint, Plaintiff's supervisors shouted false accusations about her and targeted her disability in front of her coworkers on more than one occasion. (Dkt. 25 ¶¶ 74–75.) They also accused her of malingering. (*Id.* ¶ 74.) One supervisor made false representations about her attendance and work performance. (*Id.*) This occurred for four months. (*Id.* ¶ 77.) That reflects a claim for hostile work environment, which "occurs over a series of days or perhaps years[.]" *Morgan*, 536 U.S. at 115*; see also McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008) (noting a hostile work environment claim "involves repeated conduct, such as discriminatory intimidation, ridicule, and insult"). Plaintiff also alleges two different physical confrontations with McCray (her manager): one in which McCray snatched a tray out of Plaintiff's hands and another in which she pushed Plaintiff. (Dkt. 25 ¶¶ 38, 75.) And she says McCray threatened to blame her falsely for a car accident when she was not even driving. (*Id.* 59.) "[P]hysically threatening or humiliating" actions against an employee provide evidence of a hostile work environment. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 647 (11th Cir. 1997).

The Court finds the complaint contains sufficient allegations to make out a hostile work environment claim. And because at least one act relating to Plaintiff's hostile work environment claim occurred within the filing period (for example, McCray's pushing of Plaintiff), the Court is free to consider the entire period of the hostile environment claim. *Chambless v. Louisiana- Pac. Corp.*, 481 F.3d 1345, 1349–50 (11th Cir. 2007) ("[T]he entire time period of the hostile environment may be considered by a court for the purposes of determining liability if an act relating to the claim occurred within the filing period."). Plaintiff may pursue her hostile work environment claim without any date restrictions. In this regard, the Court does not adopt the R&R.

**4. Discrimination (Count VI)**

In Count VI, Plaintiff alleges Defendant discriminated against her in violation of the Rehab Act when he treated her less favorably by denying her access to work she was medically cleared to perform. (Dkt. 25 ¶ 100.) To assert such a claim under the Rehab Act, Plaintiff must allege (1) she is a qualified individual with a disability, (2) Defendant discriminated against her, and (3) Defendant did so because of her disability. *Mullin,* 162 F.4th at 1303. The causation element requires

Plaintiff to allege "the adverse employment action was solely by reason of her disability." *Id.*

The Magistrate Judge concluded Plaintiff did not plausibly allege a discrimination claim because her allegations are "entirely too conclusory," contain little "legal or factual basis," and are "materially indistinguishable from and simply a restatement of other substantive counts of the complaint." (Dkt. 60 at 46.) Plaintiff objects and states the R&R "imposes a heightened pleading standard not required under Rule 12(b)(6)." (Dkt. 62 at 17.) The Court disagrees; the Magistrate Judge applied the plausibility standard and Eleventh Circuit law precluding duplicative claims. (Dkt. 60 at 46.) And Plaintiff does not explain how the Magistrate Judge erred in doing so. She does not identify any allegations the Magistrate Judge overlooked or otherwise demonstrate how Count VI plausibly alleges discrimination. The complaint lists just one fact in Count VI: that she "was treated less favorably by being denied access to available work." Nothing about Defendant's discriminatory intent—that is, causation—a required element of a discrimination claim. *Metcalfe v. QTC Medical Grp, Inc.*, 2023 WL 10476010, at *7 (N.D. Ga. July 14, 2023). Plaintiff thus has not alleged facts to suggest plausibly a

causal link between her medical condition and an adverse employment action or anything else to support a reasonable inference of discrimination in relation to an adverse action. *Maryam v. Capsule*, 2023 WL 5669882, at *3 (N.D. Ga. June 15, 2023) ("[B]are assertions or legal conclusions are insufficient to meet this burden, and district courts frequently dismiss discrimination claims when the allegations of disparate treatment are nothing more than legal conclusions unsupported by any facts." (internal quotation omitted)).

The Court overrules Plaintiff's objection and dismisses Count VI.

**5. Unlawful Disclosure (Count X)**

In Count X, Plaintiff asserts a claim under the Rehab Act for unlawful disclosure of her medication condition. The Rehab Act requires employers to keep confidential certain medical information about an employee. *Mullin*, 162 F.4th at 1308.[10] According to Plaintiff, McCray disclosed information about Plaintiff's medical condition on August 9,

[10] The Court doubts this provision of the ADA, which is incorporated by the Rehab Act, applies to the medical information McCray purportedly disclosed. The provision requires an employer to keep confidential information it obtains after requiring an employee to submit to a medical examination. 29 C.F.R. § 1630.14(c)(1). It does not appear that happened here.

2021—more than 45 days before October 4. (Dkt. 25 ¶ 140.) So the Magistrate Judge says that claim is time-barred. (Dkt. 60 at 47.) Plaintiff's objection does not address the Magistrate Judge's reasoning for recommending dismissal of this claim and instead says the R&R "rests on an incorrect legal framework[.]" (Dkt. 62 at 24.) The Court sees no basis for that objection, adopts the Magistrate Judge's recommendation, and dismisses Count X.

## IV. Conclusion

The Court **SUSTAINS IN PART** and **OVERRULES IN PART** Plaintiff's objections (Dkt. 62), **OVERRULES** Defendant's objections (Dkt. 63), and **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (Dkt. 60). The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss. (Dkt. 54.) Specifically, the Court **DISMISSES** Plaintiff's ADEA discrimination claim (Count IV), ADEA hostile work environment claim (Count V), Rehab Act discrimination claim (Count VI), Title VII retaliation claim (Count VII), "intersectional discrimination" claim (Count VIII), "unlawful disclosure of medical information" claim (Count IX), Rehab Act unlawful disclosure claim (Count X), intentional infliction

of emotional distress claim (Count XI), and assault and battery claim (Count XII). The Court also **DISMISSES** parts of Plaintiff's retaliation claim under the Rehab Act (Count II) based on events before August 20, 2021. Plaintiff may pursue her retaliation claim based on events occurring on or after August 20, 2021. The Court **DENIES** the motion as to Plaintiff's failure-to-accommodate and hostile work environment claims under the Rehab Act (Counts I and III). For the reasons discussed above, Plaintiff may pursue her failure-to-accommodate claim only as to events that occurred on or after August 20, 2021. The Court **DISMISSES** any failure-to-accommodate claims involving conduct before that date. She may also pursue her hostile work environment claim under the Rehab Act (Count III), including parts of the claim based on events before August 20, 2021.

**SO ORDERED** this 11th day of September, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE